IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

ANDREW MITCHELL,                               CASE NO.:

    Plaintiff,

vs.

PGA MANAGEMENT SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, ANDREW MITCHELL, by and through undersigned counsel, and hereby sues the Defendant, PGA MANAGEMENT SERVICES, INC., and alleges the following:

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et. seq. hereinafter called the "FLSA") to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. Jurisdiction of this action is founded upon §216(b) of the FLSA [29 U.S.C. §216(b)]. This Court has jurisdiction over the Defendant, and in regard to Plaintiff.

3. At all times material hereto Plaintiff ANDREW MITCHELL was and is a resident of St. Lucie County, Florida.

4. At all times material hereto, Defendant, PGA MANAGEMENT SERVICES, INC. (hereinafter "PGA MANAGEMENT") was a Florida corporation doing business in Palm Beach County, Florida.

5. At all times material hereto, Defendant employed employees, including Plaintiff, as restaurant servers who regularly were and are engaged in commerce or the production of

1

GARY A. ISAACS, P.A.
712 U.S. Highway One, Suite 400, North Palm Beach, FL 33408• Telephone 561-655-9300• Facsimile 561-842-4104

goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of §203(r) and (s) of the FLSA.

6. At all times material hereto, Defendant acted directly or indirectly in the interest of an employer in relation to Plaintiff, and therefore Defendant has been an employer within the meaning of §3(d) of the FLSA. (29 U.S.C. §203(d).

7. The records, if any, concerning the number of hours actually worked, and the compensation paid to Plaintiff are in the possession and control of Defendant.

## COUNT I
### (MINIMUM WAGE)

8. Plaintiff realleges and incorporates herein paragraphs 1 through 7 as if fully set forth herein.

9. Defendant employed Plaintiff in the aforesaid enterprise for workweeks and willfully failed to compensate such employees at a rate equal to, or in excess, of the minimum wage, contrary to the requirements of §6 of the FLSA (29 U.S.C. §206).

10. Defendant improperly utilized a "tip credit" when paying Plaintiff and hourly rate below the minimum wage. Defendant did not have in place a "tip pool" acceptable under FLSA. Instead, Defendant's "tip pool" was shared among supervisors and employees who were not regularly and customarily tipped. Accordingly, a "tip credit" was not available to it, which resulted in the payment of wages to Plaintiffs less than the minimum wage.

11. Defendant was aware that Plaintiff was being paid less than the minimum wage, but refused to compensate him at a rate equal to that mandated by law.

12. As a direct and proximate result of Defendant's willful and deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages.

13. Defendant's above-described violations of the FLSA were willful and were not

2

GARY A. ISAACS, P.A.
712 U.S. Highway One, Suite 400, North Palm Beach, FL 33408• Telephone 561-655-9300• Facsimile 561-842-4104

conducted in a good faith attempt to comply with the FLSA.

14.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

15.     As a direct and proximate result of Defendant's hereinabove described violations of FLSA, Plaintiff has had to retain the services of Gary A. Isaacs, P.A. and has agreed to pay same a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, prejudgment interest, an additional equal amount as liquidated damages, together with costs and attorney's fees pursuant to the *29 U.S.C. §216(b)*, and such other further relief as this Court deems just and proper, including trial by jury.

## COUNT II
## (OVERTIME)

16.     Plaintiff realleges and incorporates herein paragraphs 1 through 7, 9 and 10, as if fully set forth herein.

17.     Defendant employed Plaintiff in the aforesaid enterprise for workweeks longer than forty hours and willfully failed to compensate them for her hours worked in excess of forty hours a week at a rate of at least one and one-half times the regular rate at which each was employed, contrary to the requirements of §7 of the FLSA (29 U.S.C. §207).

18.     Defendant was aware that Plaintiff was working hours in excess of forty a week, but refused to compensate such overtime hours.

19.     As a direct and proximate result of Defendant's willful and deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages, including lost overtime compensation.

20.     Defendant's above-described violations of the FLSA were willful and were not conducted in a good faith attempt to comply with the FLSA.

21. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

22. As a direct and proximate result of Defendant's hereinabove described violations of FLSA, Plaintiff has had to retain the services of Gary A. Isaacs, P.A. and has agreed to pay same a reasonable attorney's fee. Pursuant to 29 *U.S.C.* § 216(b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, and the other employees similarly situated, demand judgment against Defendant for compensatory damages, prejudgment interest, an additional equal amount as liquidated damages, together with costs and attorney's fees pursuant to 29 U.S.C. § 216(b), and such other further relief as this Court deems just and proper, including trial by jury.

DATED this 19th day of December, 2014.

> GARY A ISAACS, P.A.
> Attorney for Plaintiff
> 712 U.S. Highway One, Suite 400
> North Palm Beach, Florida 33401
> Telephone: (561) 844-3600
> Email: gaisaacs@bellsouth.net
>
>  */s/ Gary A. Isaacs, Esquire*
> GARY A. ISAACS, ESQUIRE
> Florida Bar No.: 602663

4

GARY A. ISAACS, P.A.
712 U.S. Highway One, Suite 400, North Palm Beach, FL 33408• Telephone 561-655-9300• Facsimile 561-842-4104